In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00161-CR
______________________________


THOMAS ANDREW SHERRILL, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 282nd Judicial District Court
Dallas County, Texas
Trial Court No. F03-46654-MS


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

          Thomas Andrew Sherrill appeals from his conviction of aggravated sexual assault
on a child. Five indictments were tried together. Sherrill pled nolo contendere, or no
contest, to the charges. Following a bench trial, the trial court sentenced Sherrill to fifty
years' imprisonment for the aggravated sexual assault. The cases have been appealed
separately and have been briefed together.
          Because the briefs and arguments raised therein are identical in all five appeals, for
the reasons stated in Sherrill v. State, No. 06-05-00159-CR, we likewise resolve the issues
in this appeal in favor of the State.
          We affirm the judgment of the trial court.
 
                                                                           Josh R. Morriss, III
                                                                           Chief Justice

Date Submitted:      December 7, 2005
Date Decided:         December 30, 2005

Do Not Publish



at gunpoint, to perform oral sex on him.


 
          In disposing of his first motion, the trial court acknowledged there was biological
material available for testing, including "scrapings," from the victim's face, saliva samples,
and "scrapings" from fingernails and clothing. Id. at 110. Two human hairs were found
when submitted to a crime laboratory for testing, but they had no root material or skin cells
as are necessary to perform nuclear DNA testing, and mitochondrial DNA testing that
would be effective was not then available at that laboratory. The State filed a motion to
reconsider, which, after hearing, was granted by the trial court. Based on a large amount
of inculpatory evidence, including eyewitness testimony and testimony from the
defendant's wife, the trial court found that DNA testing would not serve to exculpate Jacobs
and denied that motion. We affirmed.
          In this, his second motion for DNA testing, Jacobs duplicated the same requests
made previously. Article 64.01(b)(1)(A)(ii), (b)(2) allows a second attempt to obtain DNA
analysis in light of improved technical abilities. Tex. Code Crim. Proc. Ann. art.
64.01(b)(1)(A)(ii), (b)(2) (Vernon Supp. 2005).
          The authority of a court to hear a particular case is a systemic requirement that
cannot be waived or conferred by consent and which may be considered at any time. 
Mendez v. State, 138 S.W.3d 334, 340 (Tex. Crim. App. 2004) (citing Marin v. State, 851
S.W.2d 275, 279–80 (Tex. Crim. App. 1993)); see also Tex. Ass'n of Bus. v. Tex. Air
Control Bd., 852 S.W.2d 440, 445–46 (Tex. 1993) (holding it is appropriate for reviewing
court to raise sua sponte issue of lower court's subject matter jurisdiction and address it
for the first time on appeal).
          This is evidently a question of first impression. We first address Jacobs' initial
argument: that the trial court which ruled on his motion had no authority to do so. Article
64.01(a) requires the submission of DNA testing to be to made "to the convicting court." 
Tex. Code Crim. Proc. Ann. art. 64.01(a) (Vernon Supp. 2005). The convicting court was
the 114th Judicial District Court, which in 1997 had jurisdiction over Wood and Smith
Counties. Jacobs was tried and convicted in Wood County. However, in 1999, the 114th
court was divested of jurisdiction over Wood County, and its authority over that county was
vested in the newly created 402nd Judicial District Court.
          Jacobs' motion was thus decided by the 402nd Judicial District Court, which is the
successor court over the county in which he was convicted. Jacobs argues that, because
the DNA statute requires the determination to be made by the "convicting court," the 402nd
court has no authority over his motion. We disagree. The legislation creating that court
required all cases then pending in the 114th Judicial District Court to be transferred to the
402nd Judicial District Court. Act of May 30, 1999, 76th Leg., R.S., ch. 1337, §§ 10, 23,
1999 Tex. Gen. Laws 4547, 4549, 4551 (effective September 1, 1999). It did not explicitly
address the status of cases that had previously been decided by that court. We also
recognize that criminal cases are required to be tried in the county in which some portion
of the offense occurs, as shown by the list of venue requirements found in Article 13 of the
Texas Code of Criminal Procedure. The DNA statute also contains provisions requiring
responses from the state—which in this context is the district attorney's office for the
county of conviction—and if hearings are necessary, there is authority that they must be
held in the county of conviction. If the court is required to appoint counsel, the procedures
set out by the Code authorize only district courts trying cases in the county to appoint
counsel, Tex. Code Crim. Proc. Ann. art. 26.04(b)(1) (Vernon Supp. 2005), and they are
to be paid according to a fee schedule adopted (among others) by district judges trying
criminal cases in that county. Tex. Code Crim. Proc. Ann. art. 26.05(b) (Vernon Supp.
2005). If a reporter's record is to be prepared for appellate review, the reporter must be
paid from the general funds of the county in which the offense was committed. Tex. R.
App. P. 20.2.
          Although the statute creating the 402nd Judicial District Court does not explicitly
state it has jurisdiction over DNA appeals,


 it is apparent from the scope of the enacting
statute and the other requirements common to all criminal cases—as well as the removal
of Wood County from the jurisdiction of the 114th Judicial District Court—that the
Legislature intended for the 402nd court to act as the successor court to the 114th court
for these purposes. Thus, we conclude that the motion was properly presented to the
402nd Judicial District Court of Wood County. The contention of error is overruled.
          Jacobs contends on the merits that the court erred by denying his motion for DNA
testing this time because he established that a reasonable probability existed that the
testing would prove his innocence. In his argument, he takes the position that the DNA
evidence could establish the involvement of a third person, thus it could prove his
innocence. This is the same argument posited in his initial DNA motion, covering the same
evidence, that we addressed in our prior opinion. 
          For the same reasons as stated in that opinion, we likewise conclude here that there
is nothing to suggest that, even if DNA testing showed that a third party was present, it
would necessarily exonerate Jacobs. See Jacobs, 115 S.W.3d at 113. 
          We affirm.
 
                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      October 24, 2005
Date Decided          November 16, 2005

Publish